**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle): **Harrington, Richard Leo** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Harrington, Francine Arden** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **Rich Harrington** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): **Fran Harrington** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **7890** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **9479** |
| Street Address of Debtor (No. and Street, City, and State): **341 Manitowac** **Park Forest, Illinois** ZIP CODE **60466** | Street Address of Joint Debtor (No. and Street, City, and State): **341 Manitowac** **Park Forest, Illinois** ZIP CODE **60466** |
| County of Residence or of the Principal Place of Business: **COOK** | County of Residence or of the Principal Place of Business: **COOK** |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [X] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [X] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- [X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [X] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [X] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [X] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [X] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>(This page must be completed and filed in every case.) | Name of Debtor(s): Harrington, Richard Leo and Harrington, Francine Arden |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed:  **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor:  **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td>
<b>Exhibit A</b>

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐   Exhibit A is attached and made a part of this petition.
</td>
<td>
<b>Exhibit B</b>
(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____   4/8/13
   Signature of Attorney for Debtor(s)   (Date)
</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)    Page 3

| Voluntary Petition | Name of Debtor(s): Harrington, Richard Leo and Harrington, Francine |
|---|---|
| *(This page must be completed and filed in every case.)* | Arden |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | (Check only one box.) |
| | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

X _Richard Leo Harrington_
Signature of Debtor    **Richard Leo Harrington**

X _Francine Arden Harrington_
Signature of Joint Debtor   **Francine Arden Harrington**

Telephone Number (if not represented by attorney)  4/7/13

Date

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _J. Bennett Friedman_ | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |

Signature of Attorney for Debtor(s)
**J. Bennett Friedman**
Printed Name of Attorney for Debtor(s)
**Friedman Law Group, P.C.**
Firm Name
**1900 Avenue of the Stars, 11th floor**
**Los Angeles, California 90067**
Address
**(310) 552-8210**
Telephone Number
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an *individual*, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X _____
Signature

_____
Date

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| X _____ | |
| Signature of Authorized Individual | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| Printed Name of Authorized Individual | |
| Title of Authorized Individual | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| Date | |

B6A (Official Form 6A) (12/07)

In re **Richard Leo Harrington and Francine Arden
Harrington,**                                                          Case No. _____
_____                                              (If known)
               **Debtor**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single family residence located at 341 Manitowac, Park Forest, IL | Fee Owner | J | $50,000.00 | $36,639.00 |
| | | Total ▶ | $50,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  <u>Richard Leo Harrington and Francine Arden Harrington,</u>          Case No. _____
                                    Debtor                                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account Chase Bank | W | $31.00 |
| | | Checking Account Chase Bank | H | $100.00 |
| | | Checking Account Bank Financial (Mortgage Payments) | J | $1,374.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous household goods, furniture and electronics, etc. | J | $2,500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | J | $300.00 |
| 7. Furs and jewelry. | | Miscellaneous furs, costume jewelry, wedding bands, earrings, etc. | J | $3,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Golf clubs, Bicycle. | J | $150.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Debtor has a term life insurance policy with Principal Life Insurance.  There is no cash value to this policy. | W | $0.00 |

B 6B  (Official Form 6B) (12/2007)

In re  <u>Richard Leo Harrington and Francine Arden Harrington,</u>          Case No. _____
                                          Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Debtor Francine Harrington has 2 401(k) plans through her current and prior employer.  This plan is not property of the Debtor's estate. | W | $0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Debtor owns 117.486 shares of Exelon.  Current market price is $19.657 | W | $584.40 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Drivers' Licenses | J | $0.00 |

B 6B  (Official Form 6B) (12/2007)

In re  Richard Leo Harrington and Francine Arden Harrington,                     Case No. _____
                                    Debtor                                                                                  (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2011 Hyundai Elantra | J | $15,278.00 |
| | | 1995 Chevrolet Lumina (114,651 miles) | W | $1,608.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

2 continuation sheets attached          Total ▶
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

$24,925.40

B6C (Official Form 6C) (04/13)

In re  **Richard Leo Harrington and Francine Arden
Harrington,**                                        Case No. _____
_____
                        Debtor                                         **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                $155,675.*
☒ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Single family residence located at 341 Manitowac, Park Forest, IL | 11 USC § 522(d)(1) | $13,361.00 | $50,000.00 |
| Checking Account Chase Bank | 11 USC § 522(d)(5) | $31.00 | $31.00 |
| Checking Account Chase Bank | 11 USC § 522(d)(5) | $100.00 | $100.00 |
| Checking Account Bank Financial (Mortgage Payments) | 11 USC § 522(d)(5) | $1,374.00 | $1,374.00 |
| Miscellaneous household goods, furniture and electronics, etc. | 11 USC § 522(d)(3) | $2,500.00 | $2,500.00 |
| Clothing | 11 USC § 522(d)(3) | $300.00 | $300.00 |
| Miscellaneous furs, costume jewelry, wedding bands, earrings, etc. | 11 USC § 522(d)(4) | $1,450.00 | $3,000.00 |
|  | 11 USC § 522(d)(5) | $1,550.00 | |
| Golf clubs, Bicycle. | 11 USC § 522(d)(3) | $150.00 | $150.00 |
| Debtor owns 117.486 shares of Exelon.  Current market price is $19.657 | 11 USC § 522(d)(5) | $584.40 | $584.40 |
| 1995 Chevrolet Lumina (114,651 miles) | 11 USC § 522(d)(2) | $1,608.00 | $1,608.00 |

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of
adjustment._

B 6D (Official Form 6D) (12/07)

In re **Richard Leo Harrington and Francine Arden Harrington**, _____,   Case No. _____

Debtor   (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 7622<br>**Bank Financial**<br>**6415 W. 95th Street**<br>**Chicago Ridge, IL 60415** | | J | **First Mortgage**<br><br>**341 Manitowac**<br>**Park Forest, IL**<br>**60466**<br>VALUE $   **$50,000.00** | | | | **$36,639.00** | |
| ACCOUNT NO.<br>**Wells Fargo Dealer Services**<br>**PO Box 25341**<br>**Santa Ana, CA 92799-5341** | | J | **Security Agreement**<br><br>**2011 Hyundai Elantra**<br>VALUE $   **$15,278.00** | | | | **$15,234.13** | **$43.87** |

<u>  0  </u> continuation sheets
attached

Subtotal ▶
(Total of this page)

$   51,873.13   |   $   43.87

Total ▶
(Use only on last page)

$   51,873.13   |   $   43.87

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13)

In re  **Richard Leo Harrington and Francine Arden**
      **Harrington**
      _____,      Case No._____
                        Debtor                                    *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

___1___  continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re  **Richard Leo Harrington and Francine Arden Harrington**    ,    Case No. _____
                            **Debtor**                                                          **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units**  Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.  0000  <br><br>**Cook County Treasurer**<br>**P.O. Box 805438**<br>**Chicago , IL 60680-4116** | | J | 2012 <br><br>**Tax Year 2012** | | | | $1,577.52 | $0.00 | $0.00 |
| Account No.  7890  <br><br>**Internal Revenue Service**<br>**Cincinnati, OH 45999-0030** | | J | 2010 <br><br>**Tax Year 2010** | | | | $3,113.90 | $3,113.90 | $0.00 |
| | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▶
(Totals of this page)

| | | |
|---|---|---|
| $ **4,691.42** | $ **3,113.90** | **$0.00** |

Total▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

| $ **4,691.42** | | |
|---|---|---|

Totals▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

| | $ **3,113.90** | $ **0.00** |
|---|---|---|

B 6F (Official Form 6F) (12/07)

In re Richard Leo Harrington and Francine Arden Harrington    ,    Case No. _____
                          Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    1695 **ACME Continental Credit Union** c/o VISA P.O. Box 4521 Carol Stream, IL 60197-4521 | | J | **Summons from Cook County First Municipal District (Claim rep by Edelstein & Edelstein, P.C.) Case #12M1 172914** | | | | $12,992.36 |
| Additional Contacts for ACME Continental Credit Union (1695): **Edelstein & Edelstein, P.C.** 3825 West Montrose Avenue Chicago, IL 60618 | | | | | | | |
| **ACCOUNT NO.**    8766 **Bank Financial** 6415 W. 95th Street Chicago Ridge, IL 60415-2600 | | J | **Mortgage Loan** | | | | $36,639.95 |
| **ACCOUNT NO.**    4599 **Bill Me Later** P.O. Box 105658 Atlanta, GA 30348-5658 | | H | December 2012 | | | | $888.86 |
| | | | | | | | |

Subtotal▶  $   50,521.17

____4____ continuation sheets attached

Total▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Richard Leo Harrington and Francine Arden Harrington** _____ ,    Case No. _____
_____Debtor_____                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    1526 <br><br> CACH, LLC <br> 4340 S. Monaco <br> 2nd Floor <br> Denver, CO 80237 | | H | Lawsuit | | | | $8,695.55 |
| Additional Contacts for CACH, LLC (1526): <br><br> John C. Bonewicz, P.C. <br> 350 N. Orleans Street <br> Suite 300 <br> Chicago, IL 60654 | | | | | | | |
| ACCOUNT NO.    5465 <br><br> Capital One Bank, N.A. <br> P.O. Box 6492 <br> Carol Stream, IL 60197 | | W | | | | | $6,491.52 |
| ACCOUNT NO.    5002 <br><br> Chase (BP) <br> P.O. Box 94014 <br> Palatine, IL 60094-4014 | | H | BP (Gas) Credit Card | | | | $1,235.45 |

Sheet no. __1__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤    $    16,422.52

Total➤    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re __Richard Leo Harrington and Francine Arden Harrington_____,    Case No. _____
                  Debtor                                            (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    2643**<br><br>**Chase (Slate)**<br>**Cardmember Services**<br>**P.O. Box 94014**<br>**Palatine, IL 60094-4014** | | J | **Slate Credit Card** | | | | $1,349.30 |
| **ACCOUNT NO.    1616**<br><br>**Chase Bank USA, NA**<br>**Heritage Bank One**<br>**P.O. Box 94014**<br>**Palatine, IL 60094-4014** | | H | **Credit Card (Reference# 017400798)** | | | | $4,193.08 |
| **Additional Contacts for Chase Bank USA, NA (1616):**<br><br>**LTD Financial sErvices, LP**<br>**7322 Southwest Freeway**<br>**Suite 1600**<br>**Houston, TX 77074-2053** | | | | | | | |
| **ACCOUNT NO.    7324**<br><br>**Chase Freedom**<br>**Cardmember Services**<br>**PO Box 94014**<br>**Palatine, IL 60094** | | W | **Freedom Credit Card** | | | | $497.20 |

Sheet no. __2__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶   $     6,039.58

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re Richard Leo Harrington and Francine Arden Harrington , Case No. _____
            Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6018<br><br>Discover<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103 | | | Mileage Reward | | | | $2,517.10 |
| ACCOUNT NO. 3378<br><br>JC Penny MasterCard<br>P.O. Box 965009<br>Orlando, FL 32896-5009 | | W | | | | | $1,340.02 |
| ACCOUNT NO. 6088<br><br>Sam's Club Discover/GECRB<br>PO Box 960013<br>Orlando, FL 32896-0013 | | | | | | | $6,530.29 |
| ACCOUNT NO. 8892<br><br>Sears Credit Cards<br>P.O. Box 6282<br>Sioux Falls, SD 57117-6282 | | W | | | | | $4,679.65 |

Sheet no. 3 of 4 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ $ 15,067.06

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re  Richard Leo Harrington and Francine Arden Harrington                ,          Case No. _____
                          **Debtor**                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.      7891 <br><br> Target National Bank <br> P.O. Box 660170 <br> Dallas, TX 75266-0170 | | W | | | | | $10,551.18 |
| ACCOUNT NO.      6586 <br><br> U.S. Bank <br> P.O. Box 790408 <br> St. Louis, MO 63179-0408 | | W | | | | | $3,923.84 |
| ACCOUNT NO.      8423 <br><br> U.S. Department of Education <br> Fedloan Servicing <br> P.O. Box 530210 <br> Atlanta, GA 30353-0210 | | H | | | | | $3,453.80 |

Sheet no. __4__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤ | $ | 17,928.82

Total➤ | $ | 105,979.15
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re Richard Leo Harrington and Francine Arden Harrington,                Case No. _____
                    Debtor                                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re <u>Richard Leo Harrington and Francine Arden Harrington,</u>    Case No. _____
                                                           Debtor                                              (if known)

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

B6I (Official Form 6I) (12/07)

| In re | Richard Leo Harrington and Francine | Case No. | |
|---|---|---|---|
| | Arden Harrington, | | |
| | **Debtor** | | **(if known)** |

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| **Married** | RELATIONSHIP(S): | N/A | AGES(S): | N/A |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Programmer/Analyst | Accounting and Billing |
| Name of Employer | Saint Xavier Univ. | Tabet DiVito & Rothstein, LLC |
| How long employed | 5 years | 7 years |
| Address of Employer | ***Debtor employer state RMC[COUNTER]*** | ***Spouse employer state RMC[COUNTER]*** |

INCOME: (Estimate of average or projected monthly income at time case filed)
                                                                    DEBTOR                      SPOUSE

1.  Monthly gross wages, salary, and commissions
    (Prorate if not paid monthly)                          $        5,583.33      $        4,583.34
2.  Estimate monthly overtime                              $            0.00      $            0.00

3.  SUBTOTAL                                               $        5,583.33      $        4,583.34

4.  LESS PAYROLL DEDUCTIONS
    a.  Payroll taxes and social security                  $        1,321.06      $          764.74
    b.  Insurance                                          $            0.00      $          853.58
    c.  Union dues                                         $            0.00      $            0.00
    d.  Other (Specify):

| Description | Debtor's Amount | Spouse's Amount |
|---|---|---|
| **401 Contribution** | $0.00 | $366.66 |
| **Annual Fund to University** | $21.67 | $0.00 |
| **Life Insurance** | $0.00 | $45.84 |

                                                           $           21.67      $          412.50

5.  SUBTOTAL OF PAYROLL DEDUCTIONS                         $        1,342.73      $        2,030.82

6.  TOTAL NET MONTHLY TAKE HOME PAY                        $        4,240.60      $        2,552.52

7.  Regular income from operation of business or profession
    or farm (Attach detailed statement)                    $            0.00      $            0.00
8.  Income from real property                              $            0.00      $            0.00
9.  Interest and dividends                                 $            0.00      $            0.00
10. Alimony, maintenance or support payments payable to the
    debtor for the debtor's use or that of dependents listed
    above                                                  $            0.00      $            0.00
11. Social security or government assistance
    (Specify):                                             $                      $
12. Pension or retirement income                           $            0.00      $            0.00
13. Other monthly income
    (Specify):                                             $                      $

B6I (Official Form 6I) (12/07)

In re  **Richard Leo Harrington and Francine**
**Arden Harrington,**                                    Case No.
_____           _____
                Debtor                                                      (if known)

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| | | | |
|---|---|---|---|
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ _____ 0.00 | $ _____ 0.00 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ _____ 4,240.60 | $ _____ 2,552.52 |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (combine column totals from line 15) | $ _____ 6,793.12 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**Unknown.**

B 6J (Official Form 6J) (12/07)

In re **Richard Leo Harrington and Francine Arden Harrington,**      Case No. _____
_____Debtor_____                                        _____(if known)_____

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1.   Rent or home mortgage payment (include lot rented for mobile home) | $853.00 |
|     a.   Are real estate taxes included? Yes __X__ No _____ | |
|     b.   Is property insurance included? Yes _____ No __X__ | |
| 2.   Utilities:   a.   Electricity and heating fuel | $170.00 |
|             b.   Water and sewer | $110.00 |
|             c.   Telephone | $75.00 |
|             d.   Other: Cell Phones. | $350.00 |
|             e.   Other: Cable/Internet. | $150.00 |
| 3.   Home maintenance (repairs and upkeep) | $300.00 |
| 4.   Food | $950.00 |
| 5.   Clothing | $150.00 |
| 6.   Laundry and dry cleaning | $150.00 |
| 7.   Medical and dental expenses | $420.00 |
| 8.   Transportation (not including car payments) | $600.00 |
| 9.   Recreation, clubs and entertainment, newspapers, magazines, etc. | $225.00 |
| 10.   Charitable contributions | $24.00 |
| 11.   Insurance (not deducted from wages or included in home mortgage payments) | |
|     a.   Homeowner's or renter's | $54.00 |
|     b.   Life | N/A |
|     c.   Health | N/A |
|     d.   Auto | $139.00 |
|     e.   Other _____ | $ _____ |
| 12.   Taxes (not deducted from wages or included in home mortgage payments) (Specify): 2010 Income Taxes. | $113.00 |
| 13.   Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|     a.   Auto | $344.00 |
|     b.   Other: Student Loan. | $64.00 |
| 14.   Alimony, maintenance, and support paid to others | $0.00 |
| 15.   Payments for support of additional dependents not living at your home | $400.00 |
| 16.   Regular expenses from operation of business, profession, or farm (attach detailed statement) | N/A |
| 17.   Other | $    937.00 |

| | |
|---|---:|
|          Orthodontist. | $147.00 |
|          Miscellaneous. | $100.00 |
|          Contingency. | $50.00 |
|          Pet food. | $300.00 |
|          Train Ticket plus parking. | $175.00 |
|          Personal grooming. | $80.00 |
|          Vet Bills. | $85.00 |

18.   AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,      **$    6,578.00**
if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19.   Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: Unknown.  The Debtors live in a very old home in Park Forest, IL that continues to require maintenance and upkeep.  Debtors were recently advised that their roof will need replacing (it has been leaking for several years).

B 6J (Official Form 6J) (12/07)

In re **Richard Leo Harrington and Francine Arden Harrington,**   Case No. _____
                             **Debtor**                                        **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

20.    STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. | Average monthly income from Line 15 of Schedule I | $ 6,793.12 |
| b. | Average monthly expenses from Line 18 above | $ 6,578.00 |
| c. | Monthly net income (a. minus b.) | $ 215.12 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### NORTHERN DISTRICT OF ILLINOIS

In re **Richard Leo Harrington and Francine Arden**
**Harrington**                          ,
                    Debtor

Case No. _____

Chapter **7**_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $    50,000.00 | | |
| B - Personal Property | YES | 3 | $    24,925.40 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $    51,873.13 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $    4,691.42 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $    105,979.15 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $    6,793.12 |
| J - Current Expenditures of Individual Debtors(s) | YES | 2 | | | $    6,578.00 |
| TOTAL | | 19 | $    74,925.40 | $    162,543.70 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### NORTHERN DISTRICT OF ILLINOIS

In re **Richard Leo Harrington and Francine Arden Harrington**
_____,
    Debtor

Case No. _____

Chapter **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $          0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $       3,113.90 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $          0.00 |
| Student Loan Obligations (from Schedule F) | $       3,453.80 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $          0.00 |
| TOTAL | $       6,567.70 |

State the following:

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $       6,793.12 |
| Average Expenses (from Schedule J, Line 18) | $       6,578.00 |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $      10,166.67 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $          43.87 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $       3,113.90 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $          0.00 |
| 4. Total from Schedule F | | $     105,979.15 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $     106,023.02 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Richard Leo Harrington and Francine Arden Harrington**
_____ ,    Case No. _____
Debtor                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __19__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___4/3/13___

Date ___4/7/13___

Signature: _____
Richard Leo Harrington Debtor

Signature: _____
Francine Arden Harrington    (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, _____    Social Security No. _____
of Bankruptcy Petition Preparer                                                              (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

Address _____

X _____    Date _____
Signature of Bankruptcy Petition Preparer

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature: _____

[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re <u>Richard Leo Harrington , Francine Arden Harrington</u>      Case No. _____
Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of:

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: _4/7/13_____

2

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re Richard Leo Harrington, Francine Arden Harrington          Case No. _____
                        Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of:

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor: _____

Date: ___4/7/13___

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

In re: Richard Leo Harrington and Francine Arden
Harrington                                         Case No _____
_____                    (if known)
            Debtor

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
**two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

|        AMOUNT                          |   SOURCE  |
|----------------------------------------|-----------|
| Debtor:                                |           |
| Current Year (2013):                   |           |
| $10,307.68                             | Wages     |
|                                        |           |
| Previous Year 1 (2012):                |           |
| $67,250.00                             | Wages     |
|                                        |           |
| Previous Year 2 (2011):                |           |
| $60,326.99                             | Wages     |
| Joint Debtor:                          |           |
| Current Year (2013):                   |           |
| $9,166.68                              | Wages     |
|                                        |           |
| Previous Year 1 (2012):                |           |
| $43,860.58                             | Wages     |
|                                        |           |
| Previous Year 2 (2011):                |           |
| $44,662.38                             | Wages     |

**2. Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the
debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a
joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

AMOUNT                                    SOURCE

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Capital One | December, 2012 | $612.40 | $6,368.42 |
| BP | November, 2012 - February 2012 | $855.18 | $1,235.45 |
| Joint Debtor: Bank Financial | Regular monthly mortgage payments | $2,827.00 | $36,638.95 |
| Wells Fargo | Regular monthly car payments | $1,032.00 | $15,234.13 |

None
☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☒  c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor:<br>Acme Continental Credit Union v. Harrington, et.al.<br>Case Number: 12M1172914 | Complaint for money | Circuit Court of Cook County<br>First Municipal District | Pending |
| CACH, LLC<br>Case Number: 13M1 121525 | Debt Collection | Cook County, Illinois<br>Municipal District<br>Cook County, Illinois | |
| Joint Debtor: | | | |

None ☒  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☒  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| | . | |

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Friedman Law Group, P.C. 1900 Avenue of the Stars, Suite 1100 Los Angeles, CA 90067 | March 1, 2013 | $306.00 $306.00 |

### 10. Other transfers

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ☐  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| Bank Financial<br><br>Park Forest, IL 60466 | | Important papers, car title, birth certs | Open |

### 13. Setoffs

None ☒  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| | | |

### 14. Property held for another person

None ☒  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| | | |

### 15. Prior address of debtor

None ☒  If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| | | |

### 16. Spouses and Former Spouses

None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,

☒     California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years**
immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination,
releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or
other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes,
or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or
formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous
material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒          a. List the name and address of every site for which the debtor has received notice in writing by a governmental
unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the
governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
☒          b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release
of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
☒          c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a
party to the proceeding, and the docket number.

| NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR<br>DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☐          a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or
other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in

which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Debtor: Richard Harrington | 7890/ | | Computer Consulting | Beginning Date: June 1, 2000 Ending Date: Ongoing |
| Joint Debtor: N/A | | | | |

None ☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☒   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                DATES SERVICES RENDERED

Debtor:
N/A

Joint Debtor:
N/A

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                    ADDRESS                    DATES SERVICES RENDERED

Debtor:
N/A

Joint Debtor:
N/A

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                    ADDRESS

Debtor:
N/A

Joint Debtor:
N/A

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                    DATE ISSUED

Debtor:
N/A

Joint Debtor:
N/A

---

**20. Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|                    |                    | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | |

Debtor:
N/A

Joint Debtor:
N/A

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|                    | NAME AND ADDRESSES OF CUSTODIAN |
| DATE OF INVENTORY | OF INVENTORY RECORDS |

Debtor:

N/A

N/A

---

### 21. Current Partners, Officers, Directors and Shareholders

None ☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| N/A | | |

None ☒

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| N/A | | |

---

### 22. Former partners, officers, directors and shareholders

None ☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| N/A | | |

None ☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| N/A | | |

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| N/A | | |

11

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   5/13/2013                    Signature
                                     of Debtor

Date   5/13/13                      Signature of
                                     Joint Debtor
                                     (if any)

                    0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re  Richard Leo Harrington and Francine Arden
Harrington
_____          Case No. _____
Debtor                                       Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

---

Property No. 1

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Bank Financial | 341 Manitowac |
| | Park Forest, IL 60466 |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☒ Claimed as exempt      ☐ Not claimed as exempt

---

Property No. 2

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Wells Fargo Dealer Services | 2011 Hyundai Elantra |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☒ Claimed as exempt      ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)                                                                                    Page 2

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ YES      ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____4/7/13_____                    _____
                                          Signature of Debtor

                                          _____
                                          Signature of Joint Debtor

B 203
(12/94)

# United States Bankruptcy Court
## NORTHERN DISTRICT OF ILLINOIS

In re

**Richard Leo Harrington and Francine Arden
Harrington**

Case No. _____

Debtor

Chapter **7**_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **306.00**_____

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **306.00**_____

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

2. The source of the compensation paid to me was:

   [X] Debtor            [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [X] Debtor            [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with any other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor' s financial situation, and rendering advice to the debtor i n determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

~~d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ -------------------------------------------------------

e. [Other provisions as needed]

**None**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:



CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

_____4/8/13_____        J. Bennett Friedman
        Date

        Friedman Law Group, P.C.
        Name of law firm

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re | Chapter 7 |
|---|---|
| Richard Leo Harrington and Francine Arden Harrington | Case No. |
| Debtors. | |

## STATEMENT OF MONTHLY GROSS INCOME

The undersigned certifies the following is the debtor's monthly income.

| Income: | Debtor | Joint Debtor |
|---|---|---|
| Six months ago | $ 5,583.33 | $ 4,583.34 |
| Five months ago | $ 5,583.33 | $ 4,583.34 |
| Four months ago | $ 5,583.33 | $ 4,583.34 |
| Three months ago | $ 5,583.33 | $ 4,583.34 |
| Two months ago | $ 5,583.33 | $ 4,583.34 |
| Last month | $ 5,583.33 | $ 4,583.34 |
| Total Gross Income for six months preceding filing | $ 33,499.98 | $ 27,500.04 |
| Average Monthly Gross Income | $ 5,583.33 | $ 4,583.34 |

Dated: 4/7/13

Richard Leo Harrington
Debtor

Francine Arden Harrington
Joint Debtor

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. ß 341

INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Bankruptcy Administrator has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of -

(1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2) the effect of receiving a discharge of debts in bankruptcy;
(3) the effect of reaffirming a debt; and
(4) your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This statement contains only general principles of law and is not a substitute for legal advice. If you have any questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed in your bankruptcy schedules. A discharge is a court order that says that you do not have to repay your debts, but there are a number of exceptions. Debts which usually may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; debts which were not listed in your bankruptcy schedules; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to repay debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy. There are exceptions to this general statement. See your lawyer if you have questions.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your bankruptcy petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court sixty (60) days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary. They are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt. This is particularly true when property you wish to retain is collateral for a debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues an order of discharge or within sixty (60) days after you filed the reaffirmation agreement with the court, whichever is later.

If you reaffirm a debt and fail to make the payments as required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any deficiency. In addition, creditors may seek other remedies, such as garnishment of wages.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtors must pay the chapter 13 trustee the amount set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

By signing below, I/we acknowledge that I/we have received a copy of this document, and that I/we have had an opportunity to discuss the information in this document with an attorney of my/our choice.

Date ____4/7/13____

_____
Richard Leo Harrington

_____
Francine Arden Harrington

_____

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

In Re:                                                    Bankruptcy Case Number: _____

   **Richard Leo Harrington and Francine**
   **Arden Harrington**

**VERIFICATION OF CREDITOR MATRIX**

                                             Number of Creditors:        23        _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our)
knowledge.

Dated:    4/7/2013                           _____
                                                                 Debtor

                                             _____
                                                               Joint Debtor

ACME Continental Credit Union
c/o VISA
P.O. Box 4521
Carol Stream, IL 60197-4521


Bank Financial
6415 W. 95th Street
Chicago Ridge, IL 60415


Bank Financial
6415 W. 95th Street
Chicago Ridge, IL 60415-2600


Bill Me Later
P.O. Box 105658
Atlanta, GA 30348-5658


CACH, LLC
4340 S. Monaco
2nd Floor
Denver, CO 80237


Capital One Bank, N.A.
P.O. Box 6492
Carol Stream, IL 60197


Chase (BP)
P.O. Box 94014
Palatine, IL 60094-4014


Chase (Slate)
Cardmember Services
P.O. Box 94014
Palatine, IL 60094-4014


Chase Bank USA, NA
Heritage Bank One
P.O. Box 94014
Palatine, IL 60094-4014

Chase Freedom
Cardmember Services
PO Box 94014
Palatine, IL 60094


Cook County Treasurer
P.O. Box 805438
Chicago , IL 60680-4116


Discover
P.O. Box 6103
Carol Stream, IL 60197-6103


Edelstein & Edelstein, P.C.
3825 West Montrose Avenue
Chicago, IL 60618


Internal Revenue Service

Cincinnati, OH 45999-0030


JC Penny MasterCard
P.O. Box 965009
Orlando, FL 32896-5009


John C. Bonewicz, P.C.
350 N. Orleans Street Suite 300
Chicago, IL 60654


LTD Financial sErvices, LP
7322 Southwest Freeway Suite 1600
Houston, TX 77074-2053


Sam's Club Discover/GECRB
PO Box 960013
Orlando, FL 32896-0013

Sears Credit Cards
P.O. Box 6282
Sioux Falls, SD 57117-6282


Target National Bank
P.O. Box 660170
Dallas, TX 75266-0170


U.S. Bank
P.O. Box 790408
St. Louis, MO 63179-0408


U.S. Department of Education
Fedloan Servicing
P.O. Box 530210
Atlanta, GA 30353-0210


Wells Fargo Dealer Services
PO Box 25341
Santa Ana, CA 92799-5341